# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) NO. 1:18-cv-00074<br>)<br>) |
| Magneti Marelli of Tennessee, LLC | )<br>) |
| Defendant | ) |

## CONSENT DECREE

Equal Employment Opportunity Commission (the Commission) and Magneti Marelli of Tennessee, LLC[1] (Marelli) reached an agreement to resolve this case during mediation. The Parties jointly submit this Consent Decree (Decree) for the Court's review, approval, and entry to resolve the claims of sex discrimination alleged in the Complaint. The parties represent to the Court that they have consulted, negotiated and mediated in good faith to resolve all claims to the satisfaction of all concerned.

## INTRODUCTION

The Commission, as an agency of the United States of America, enforces federal laws prohibiting discrimination in the workplace. Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 (Title VII) represent two of the federal laws enforced by the Commission. This lawsuit represents the Commission's intent to enforce Title VII.

---

[1] Defendant Magneti Marelli of Tennessee, LLC is now Marelli of Tennessee USA, LLC.

1

The Commission instituted this action on behalf of Rebecca Crouch, Christy Parson, and a class of former female employees. In its Complaint, the Commission alleged that Marelli subjected Crouch, Parson, and a class of former female employees to sexual harassment in violation of Title VII.

Marelli denies the allegations in the Complaint that it engaged in any unlawful employment practices in violation of Title VII. This Decree does not constitute a finding on the merits of the case and does not constitute an admission by Marelli of the allegations in the Complaint. The Commission and Marelli have consented to entry of this Decree to avoid the additional expense and other burdens that continued litigation of this case would involve.

After examining the terms and conditions of this Decree, and based on the pleadings, record, and stipulations of the Commission and Marelli, the Court finds the terms of this Decree are adequate, fair, reasonable, equitable, and just. The Decree furthers the objectives of Title VII and adequately protects the rights of the Commission, Marelli, the allegedly aggrieved persons, and the public interest. Accordingly, the Court finds as follows:

## SCOPE AND DURATION OF DECREE

1. This Decree resolves all issues and claims arising out of the Complaint that arose from Charge No. 494-2017-00451 filed by Rebecca Crouch and Charge No. 490-2016-01195 filed by Ariana Baker. This Decree does not impact any other pending charges, if any, that may currently exist before the Commission. Further, this Decree does not affect the Commission's right to process any other pending or future charges that any employee may file against Marelli and to commence civil actions on any such charges.

## EFFECTIVE DATE AND DURATION OF DECREE

2. Upon the date the Court enters this Decree, the provisions of this Decree

become immediately effective and binding upon the Parties to this lawsuit and shall remain in effect for two (2) years after the entry date of this Decree.

## JURISDICTION

3. The Parties agree the United States District Court for the Middle District of Tennessee, Columbia Division, has jurisdiction over the Commission and Marelli and the subject matter of this litigation for the duration of the Decree. Neither Party shall contest the jurisdiction of this Court to enforce this Decree. Marelli shall not contest the right of the Commission to monitor Marelli's compliance with the Decree and to bring an enforcement action in the event Marelli fails to comply with the terms of the Decree.

## NON-ADMISSION CLAUSE

4. This Decree shall not constitute an admission, adjudication, or finding on the merits of the case. Marelli expressly denies violating Title VII or any other statute or law.

## INJUNCTIVE RELIEF

5. This Decree enjoins Marelli, its officers, agents, servants, managers, employees, and all persons in active concert from subjecting employees to sexual harassment at its Pulaski, Tennessee facility.

6. This Decree enjoins Marelli from retaliating against any employees at its Pulaski, Tennessee facility for complaining of sexual harassment or participating in any proceeding under Title VII.

## MONETARY RELIEF

7. In settlement of all monetary claims in the Complaint, Marelli shall pay a total of $335,000.00 to Rebecca Crouch, Christy Parson, Ariana Baker and Amanda Huckaba Campbell (hereinafter collectively referred to as the "claimants").

8. The Commission shall allocate settlement monies for each claimant in this case at its sole discretion.

## METHOD OF PAYMENT

9. The Commission shall provide a list identifying the amounts Marelli shall pay to each claimant, along with relevant identifying information, within ten (10) business days of the Effective Date.

10. Within twenty (20) business days of the Effective Date, Marelli shall send a payment directly to each of the identified claimants.

11. Marelli shall prepare and distribute Form 1099 or equivalent form(s) to each claimant and the claimants shall be responsible to make the appropriate reports to the Internal Revenue Service and other tax authorities.

12. On the same day as when Marelli sends the checks and 1099 form(s) to the claimants, Marelli shall transmit a copy of each proof of payment and any accompanying correspondence via email to the Commission at EEOC-MEDO-decreemonitoring@eeoc.gov.

13. Late payment of a check shall be subject to the accrual of interest under to 28 U.S.C. § 1961.

## RELEASE OF CLAIMS

14. As a condition of receiving payment, each claimant will execute the form Release attached hereto as Appendix A, except the claimant, Ariana Baker, who will execute the form Release attached hereto as Appendix B.

## NOTICE POSTING

15. Within ten (10) days of the entry of this Decree, Marelli shall post Appendix C for two (2) years at Marelli's Pulaski, Tennessee location in a conspicuous place where Marelli

customarily posts notices to employees.

16. Marelli shall continue to conspicuously post the most recent notice (poster) required by 29 C.F.R. § 1601.30 and 42 U.S.C. § 2000e-10.

## REVISION OF SEXUAL HARASSMENT COMPLAINT POLICIES AND PROCEDURES

17. Marelli agrees that its sexual harassment policy will include language specifically stating that employees may make written or verbal complaints.

18. Within seventy-five (75) days of entry of this Decree (15 days after any revisions to the policy), Marelli will disseminate a copy of its policy to all employees, including contract or temporary employees

19. Within ninety (90) days after entry of this Decree, Marelli will require all employees to sign an acknowledgment of receipt of the policy.

20. Marelli shall retain a copy of the signed acknowledgment in each employee's permanent personnel file.

21. Marelli shall provide a copy of the sexual harassment policy, along with the other new hire paperwork, to all new permanent and contract or temporary employees at their orientation.

## EMPLOYMENT REFERENCES

22. In the event Marelli receives an inquiry from any prospective employer concerning Rebecca Crouch or the claimants, Marelli shall refrain from providing negative references and limit employment reference inquiries to:

    a. verifying whether Marelli employed the identified claimant;

    b. verifying the time period of such employment;

    c. providing a statement identifying the claimant's job title and job duties; and

    d. refrain from referencing any charge of discrimination or this case.

23. Marelli's response to any prospective employer concerning the claimants shall remain permanent and is not limited to the duration of this Decree.

## PURGING OF PERSONNEL FILE

24. Marelli will remove all documents related to this case from the claimants' personnel files, including the charge of discrimination, the notice of charge, and all correspondence and investigative information directed to and from the Commission relating to her charge.

25. Within ten (10) business days from the Effective Date of this Decree, Marelli shall confirm in writing to the Commission at EEOC-MEDO-decree- monitoring@eeoc.gov that Marelli met the requirements of this Section.

## TRAINING

26. During the duration of this Decree, Marelli shall provide annual, in- person training sessions for all personnel, including permanent and temporary hourly employees, and management personnel, who perform duties at Marelli's Pulaski, Tennessee facility.

27. Each annual training session shall last at least one (1) hour.

28. Each annual training session shall cover Title VII and its prohibitions against sexual harassment and retaliation. In addition, the training shall include a discussion concerning Marelli's sexual harassment policy.

29. Marelli shall utilize an attorney or other SHRM-qualified instructor, having specialized knowledge of sexual harassment prevention and retaliation, to conduct the training session.

30. A representative from Human Resources will attend the training and make a statement during the training session. The Human Resources representative will expressly state

the following to all attendees at the training:

    a. Marelli seeks to create a workplace free of discrimination, including sex discrimination;

    b. Marelli does not condone any type of sexual harassment in the workplace;

    c. Marelli will not tolerate any type of sexual harassment in the workplace;

    d. Employers, managers, supervisors, and employees must respect each other in the workplace;

    e. The respect for each other includes a requirement that employers, managers, supervisors, and employees must not engage in sexual harassment of any kind;

    f. All managers and supervisors are responsible for monitoring and stopping harassment by those they supervise;

    g. Failure to report harassment will result in appropriate disciplinary action; and

    h. Sexual harassment will result in appropriate disciplinary action, up to and including termination.

31. Marelli may video-record the training sessions for prompt presentation to current employees who are unable to attend in-person and to new employees and managers upon hire.

32. Each employee must acknowledge receipt of the training in writing (including electronic or other appropriate acknowledgment), indicating their printed name, signature (or electronic signature) and the date of attendance.

33. The first training session shall occur no later than sixty (60) calendar days from the

7

Case 1:18-cv-00074  Document 59  Filed 09/11/20  Page 7 of 13 PageID #: 796

date that the Governor of the State of Tennessee lifts the Emergency Order with respect to the COVID-19 pandemic. The second training session shall occur no later than twenty-two (22) months after the entry of the Consent Decree.

34. Marelli shall notify the Commission of the date, time, and place of the training sessions no later than fourteen (14) calendar days prior to the session.

## EMPLOYEE EXIT INTERVIEWS

35. For the duration of this Decree, Marelli shall conduct exit interviews of each permanent or temporary employee who resigns with notice, and shall make reasonable efforts to conduct exit interviews of persons who are involuntarily separated from employment, at Marelli's facility in Pulaski, Tennessee. Marelli shall specifically ask the employees who resign with notice or otherwise separating employees if, during their employment with Marelli, they experienced sexual harassment or retaliation for engaging in a protected activity under Title VII.

36. Marelli shall make and keep records of all such interviews and shall make such records available to the Commission under the Compliance Review provisions set forth in this Decree.

## DISPUTE RESOLUTION

37. If the Commission, at its sole discretion, finds that Marelli has failed to comply with the Decree, the Commission shall provide Marelli notice of the failure and allow it a period of fourteen (14) days from the receipt of the notice to comply. If, after the 14-day period has expired, Marelli has failed to comply, the Commission may then petition this Court for relief. Such relief may include further permanent or temporary injunctions, monetary relief, costs, and/or penalties for contempt of court.

38. Any notice by the Commission regarding any deficiency of the Decree will be

emailed to Marelli's counsel, Mekesha H. Montgomery, at mmontgomery@fbtlaw.com and sent by certified mail to Marelli's Human Resources Manager at 181 Bennett Drive, Pulaski, TN 38478.

## COMPLIANCE REVIEWS

39. The Commission may monitor Marelli's compliance with this Decree, with fourteen (14) days' notice, by:

    a. examining documents or other records required to be made or kept by this Decree;

    b. interviewing Marelli's employees and management officials concerning the requirements of and compliance with this Decree;

    c. inspecting Marelli's Pulaski, Tennessee facility; and

    d. d. requiring Marelli to submit written reports concerning its compliance with this Decree.

## NOTIFICATION OF SUCCESSORS

40. Prior to any sale during the duration of this Decree, Marelli shall provide written notice of this lawsuit and the existence and contents of the Decree to any potential purchaser of Marelli's business or a purchaser of all or a substantial portion of Marelli's assets, or to any other potential successor. Any surviving entities that exist upon completion of the acquisition, merger, or consolidation will remain fully liable for compliance with this Decree.

## MISCELLANEOUS PROVISIONS

41. Unless otherwise stated, all notices, certifications, reports, or other communications that this Decree requires the Commission and Marelli to exchange shall be in writing and transmitted as follows:

    a. To the Commission, via electronic mail to EEOC-MEDO-decree-

monitoring@eeoc.gov; and

  b. To Marelli, via electronic mail to Mekesha H. Montgomery, mmontgomery@fbtlaw.com.

42. If the Court finds any provision of this Decree unlawful, the Court will sever only such provision and the remainder of the Decree will remain in full force and effect. Modifications of this Decree must be approved by the Court.

43. Each Party will bear its own costs, attorneys' fees, and expenses.

IT IS SO ORDERED.

            _____
            WAVERLY D. CRENSHAW, JR.
            CHIEF UNITED STATES DISTRICT JUDGE

# APPENDIX A

## RELEASE OF CLAIMS

In consideration for _____ paid to me by Marelli Tennessee USA, LLC, in connection with the resolution of *EEOC v. Magneti Marelli of Tennessee, LLC*, Civil Action No. 1:18-cv-00074, filed in the United States District Court for the Middle District of Tennessee, I waive my right to recover for any claims of sex discrimination and retaliation that I had against Marelli of Tennessee USA, LLC, under Title VII of the Civil Rights Act of 1964, as amended prior to the date of this Release and that were included in the claims alleged in EEOC's Complaint in the Case. I am solely responsible for paying any taxes owed for this settlement.

_____  _____

Date  [Name]

# APPENDIX B

## RELEASE OF CLAIMS

In consideration for _____ paid to me, Ariana Baker, by Marelli of Tennessee USA, LLC, in connection with the resolution of *EEOC v. Magneti Marelli of Tennessee, LLC*, Civil Action No. 1:18-cv-00074, filed in the United States District Court for the Middle District of Tennessee, I waive my right to recover for any claims of sex discrimination and retaliation that I had against Marelli of Tennessee USA, LLC, prior to the date of this Release and that were included in the claims alleged in EEOC's Complaint in the Case and/or in Charge Number 490-2016-01195 filed with the Equal Employment Opportunity Commission (EEOC) under Title VII of the Civil Rights Act of 1964, as amended. I am solely responsible for paying any taxes owed for this settlement.

_____             _____

Date   [Name]

# APPENDIX C

## NOTICE TO EMPLOYEES

Marelli posts this Notice as part of a Consent Decree entered by the United States District Court for the Middle District of Tennessee in the matter of EEOC v. Magneti Marelli of Tennessee, LLC.

Title VII of the Civil Rights Act of 1964, as amended (Title VII), prohibits discrimination against any employee or applicant for employment because of the individual's sex with respect to hiring, promotion, firing, compensation, or other terms, conditions or privileges of employment. Title VII further prohibits employers from retaliating against employees who protest sex discrimination, including sexual harassment.

Marelli supports and will fully comply with federal law in all aspects and will not take any action against any individual because they have exercised their rights under the law.

Specifically, Marelli prohibits sexual harassment by executive officers, management, and non-management employees and will take prompt and appropriate action to correct and prevent any such behavior.

Marelli encourages its employees, if they see or hear sexual harassment, to report sexual harassment in the workplace and will not retaliate in any manner against any individual who makes such a report.

This Notice will remain posted for a period of two (2) years.

SIGNED THIS _____ DAY OF _____, 2020

_____
Human Resources Director - NAFTA Region
Marelli of Tennessee USA, LLC